UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SHONE FOSTER,
   Plaintiff,

   vs.               07-3202

SANGAMON COUNTY JAIL, et al.
   Defendants.

MEMORANDUM OPINION AND ORDER

Before the court are the Defendants' motion to dismiss [25], the Plaintiff's piecemeal responses [45] and [46], and the Defendants' reply [47].

Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Background

Pursuant to 42 U.S.C. §1983, plaintiff filed this Complaint on July 27, 2007 [1]. He alleges that he was subjected to unconstitutional conditions of confinement at the Sangamon County Jail regarding sleeping conditions, overcrowding, and clothing issues. Plaintiff, having filed his third lawsuit in 2007 regarding conditions of confinement at the Sangamon County Jail (the "Jail") (see CDIL #07-3155 and 07-3118), alleges that the fourteen individuals named in this lawsuit are responsible for running the Jail.

His first claim is that when placed in booking (presumably on or about March 6, 2007),

1

he was placed in a cell with three or four other inmates when the cell is only made to house two inmates. When plaintiff complained about where he was supposed to lay down, he was told to curl up by the toilet. This created problems with his sleep and is, according to plaintiff, demoralizing, unsanitary, and immoral.

After booking, plaintiff was placed on the "L" Block which has 12 cells. Each cell has one concrete slab for an inmate to put his mat on so that the inmate does not sleep on the floor. However, due to the overcrowded jail, inmates are being forced to sleep on the floor in a one man cell.

Plaintiff's third claim is that when he exits his cell, he must shut his door and is not allowed to bring anything out with him (such as a blanket) to sit on. There are 24 people on the L Block, but there is only room for 16 people to sit at a table. The remaining inmates are forced to sit on the cold hard concrete all day and night, including when they eat their meals. Blankets are not allowed, and inmates are not allowed to sit on the stairs. There is a chance of lint, hair or dirt getting in one's food at mealtime. The only alternative is to eat one's meals next to the bathroom wall.

Plaintiff's fourth claim is that during booking, he was forced to surrender all of his white underclothes even though the clothes he had allegedly met Jail policy and regulations. Plaintiff was not provided any other underclothes which would give him a sense of dignity and protection from the unspecified harsh elements and conditions of the Jail. Plaintiff claims that although inmates are allowed to purchase extra underclothes from the commissary, he was indigent and could not afford to purchase underclothing.

Plaintiff's fifth claim is that the Sangamon County Jail has lost touch with the realization that inmates are human beings. Sheriff Williamson, Superintendent Terry Durr, Assistant Warden Strayer, Shift Commanders Lt. Cain, Lt. Powell and Lt. Loftus and the Sergeants Carey, Guy, Clemons, Bueve, Kruger, Wallace, Hudgins, Smith, and Bennett are allegedly caretakers of the Jail. Inmates are treated grotesquely which is a complete slap in the face and a breakdown of the American way. The administration and staff allegedly make sure that complaints and grievances which would ultimately cause the Jail conflict are never allowed to be answered in writing or in person. Copies are not allowed to be made. This violates due process, according to the plaintiff. Many times, plaintiff has written grievances regarding "many of these claims" but has been denied responses and copies of the complaints. Officers allegedly are reprimanded or suspended if they allow copies or notarized paperwork of certain grievances about inept and unprofessional or inhumane treatment of inmates at the Jail. The administration allegedly oversees, condones, and allows this disruption of due process to protect themselves from scrutiny.

Plaintiff requests the following relief: to see that proper changes in the Jail administration be made to ensure that none of the civil rights and health code violations keep happening. As the court deems necessary, relief from being forced to eat lunch and dinner on the concrete floor. Plaintiff requests monetary relief for the months he had to sleep on the floor and would like

larger living quarters and relief from being housed with two to five inmates in a one-man cell. He also would like monetary relief for the poor overall physical and mental treatment. Finally, he desires underclothes to be provided for the inmates.

The Defendants argue that the plaintiff has failed to state a claim upon which relief can be granted as to any individual defendant, as there are no facts that establish they were personally responsible for the unconstitutional conditions of which plaintiff complains. Second, the Defendants argue that the facts as plead by plaintiff relating to the totality of conditions in the Jail, demonstrate that the Plaintiff has failed to raise a right to relief above the speculative level and, thus, has failed to establish a plausibility of entitlement to relief as required by Supreme Court precedent.

In his response (see page 8 of 9), plaintiff moves to dismiss the following individuals from this action: Carry [Carey], Guy, Clemmins [Clemons], Bueve, Kruger [Krueger], Wallace, Hudgguns [Hudgins], Smith, and Bennett. The Defendants have no objection to these nine individuals being dismissed from the action.

Discussion and Conclusion

First, the Plaintiff has failed to establish a physical injury as required by the Prison Litigation Reform Act thus barring any claim for compensatory damages. The PLRA provides: No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. §1997e(e). In the instant case, the complaint makes it clear that the plaintiff has not suffered any physical injuries and is only pursuing claims for alleged mental or emotional injuries as a result of the alleged constitutional violations. As such, he is barred from recovering any compensatory damages. *Calhoun v. DeTella*, 319 F. 3d 936, 940-942 (7th Cir. 2003). Plaintiff's conclusory statements about mental and physical treatment at the Sangamon County Jail are clearly not enough to satisfy the "physical injury" requirement of 42 U.S.C. §1997e(e). *See, e.g., Pearson v. Welborn*, 471 F. 3d 732, 744 (7th Cir. 2006) (allegations of mental and physical depression and losing weight insufficient to state physical injury); see also *Id.* (*citing Davis v. District of Columbia*, 158 F. 3d 1342, 1349 (D.C. Cir. 1998) (prisoner's weight loss, appetite loss, and insomnia after alleged constitutional violation not "physical injury" as required by §1997e(e); Herman v. Holiday, 238 F. 3d 660, 665-66 (5th Cir. 2001)(recovery barred under §1997e(e) for prisoner's alleged "grave emotional and mental depression" as a result of exposure to asbestos in prison)). Given the lack of physical injuries, Section 1997e(e) only authorizes the plaintiff to proceed on his claims .. to the extent he has plead any .. for nominal and punitive damages. *Calhoun*, 319 F. 3d at 940-942.1 Therefore, dismissal is required for any compensatory damages claim.

Plaintiff has no evidence of unconstitutional conditions of confinement. The conditions of confinement of which plaintiff complains include: overcrowding, being forced to sleep on the floor by the toilet, not having a chair to sit in on the block, having to eat while sitting on the floors, and having no underwear. The relatively detailed allegations set forth in the complaint

demonstrate that the Plaintiff has plead himself out of court.  In short, those allegations fail to establish a plausible claim, thus mandating dismissal.  *Twombly*, 127 S. Ct. at 1966, 1968-1970.
(1) Sleeping on the Floor. Plaintiff complains that he was forced to sleep on a mattress on the concrete floor.  Generally, "the Constitution is indifferent as to whether the mattress a detainee sleeps on is on the floor or in a bed."  *Lynch v. Sheahan*, 92-C-1087, 1992 W.L. 132525 (N.D. Ill. 1992); *Landfair v. Sheahan*, 878 F. Supp. 1106, 1112 (N.D. Ill. 1995)(other citations omitted).  These District Court cases are right on point: the mattress upon which Foster slept was on the concrete floor.  The "bed" was also made of concrete.  So, no matter what happened, plaintiff was going to be sleeping on a mattress laid over concrete.  This court agrees with the Northern District Court.  The plaintiff's claim for sleeping on a mattress on a floor does not rise to the level of a constitutional violation.  Moreover, even if such a distinction were valid (which it is not), the plaintiff has not plead any punitive intent on the part of the defendants.  Absent some showing that the sleeping conditions were the result of punitive intent, rather than overcrowding, he has no claim.  *Chavis v. Fairman*, 1994 WL 55719 at *4 (N.D. Ill. 1994) (internal citations omitted).  The only reasonable inference that can be drawn from the complaint is that sleeping on a mattress on the floor was necessary due to space limitations or overcrowding.  Significantly, plaintiff has been unable to identify any injuries he suffered as a result of sleeping on the mattress on the floor which is fatal to his claim.  *Harris v. Fleming*, 839 F. 2d 1232, 1235 (7th Cir. 1988).  Therefore, the plaintiff has no claim under any theory for sleeping on the floor.

Plaintiff complains that the jail cells were overcrowded.  As was discussed in *Stone-El v. Sheahan*, 914 F. Supp. 202 (N.D. Ill. 1995), Sheriff Williamson cannot bypass the Sangamon County Board and single-handedly appropriate funds to increase the building space at the Sangamon County Jail.  *Id*.  Though responsible for the operation of the County Jail, the Sheriff is "inherently limited by the funds and facilities . . . made available to him by those controlling the purse strings."  *Stone-El*, 914 F. Supp. at 206 (*citing Jones v. Sheahan*, 1993 WL 147480 at *2 (N. D. Ill. 1993)).  Plaintiff's claim that he was forced to have more than one roommate fails because there is no one-man one-cell rule required by the due process clause.  *Martin v. Tyson*, 845 F. 2d 1451, 1456 (*citing Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).  Plaintiff cites absolutely no detriment as a result of the double celling, other than his preference not to sleep on his mattress on the floor.  For the stated reasons, this is not actionable.

Plaintiff claims that he had no chair to sit in on his block and that he had to eat while sitting on the floor.  It is well established that, "inmates cannot expect the amenities, conveniences, and services of a good hotel . . . the Constitutional test requires courts to look to the 'evolving standards of decency that mark the progress of a maturing society.'"  *Harris*, 839 F. 2d at 1235-36 (*citing Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Sostrev v. McGinnis*, 442 F. 2d 178, 190 (2d Cir. 1971)). Consistent with all of his other claims, the plaintiff has not plead any physical harm or detriment to his health that occurred as a result of not having a chair or having to eat while sitting on the floor.  Plaintiff admits in his complaint that there were 16 chairs for 24 inmates.  He does not explain why he was always one of the eight without a chair.  Even if he were, he had a lot of options: he could walk around or exercise or wait for a chair to open up.  In short, the situation described by the plaintiff simply does not run afoul of the

"evolving standards of decency" test set forth by the U.S. Supreme Court but, rather, is a criticism about the level of amenities provided by the Sangamon County Jail and fails to state a claim upon which relief can be granted.

Plaintiff claims that he had no underwear. At most, this was an inconvenience and a relatively brief and sporadic exposure to unpleasantness. Also, as before he has alleged no injury, and so his claim for compensatory damages, is precluded by 42 U.S.C. §1997e(e). As to plaintiff's allegations regarding unsanitary eating conditions, similar claims have been rejected in this Circuit. *Franklin v. Beth*, 2007 WL 1062429 at *3 (E.D. Wisc. 2007)(no claim for eating food off dirty floor); *Harris*, 839 F. 2d at 1235 (no soap, toothbrush or toothpaste for 10 days does not violate Constitution). Consequently, he fails to state a claim upon which relief can be granted.

The individual capacity claims against the Defendants must be dismissed because the Plaintiff has not presented any evidence that any were personally involved in the alleged constitutional violations. Plaintiff pleads nothing to suggest that he had any contact with any of the individual defendants, other than the bare allegation that they were responsible for the operations and conditions of the jail. Although direct participation by a defendant is not necessary, there must be some showing that he acquiesced in some demonstrable way in the alleged constitutional violation. *Palmer*, 327 F. 3d (7th Cir. 2003) 594 (*citing Kelly v. Municipal Courts of Marion County*, 97 F. 3d 902, 909 (7th Cir. 1996); *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986)). In order to hold a supervisory defendant liable, the plaintiff must demonstrate that the supervisor knew about the unconstitutional conduct, facilitated it, approved it, condoned it, or purposely turned a blind eye to it for fear of what he might see. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1992). Plaintiff has not shown the conditions were unconstitutional, but even if he could, there is no evidence of any defendant's involvement or acquiescence in the unconstitutional conditions.

Further, the plaintiff's claims for injunctive relief are barred due to his release from incarceration from the jail. Plaintiff has been released from incarceration at the Sangamon County Jail as the court's docket show that he is incarcerated at Graham Correctional Center. Consequently, Plaintiff's claims for injunctive relief are moot. *Higgason v. Farley*, 83 F. 3d 807 (7th Cir. 1995)(when a prisoner who seeks injunctive relief for conditions specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot. Id. at 811). Plaintiff seeks injunctive relief from being forced to eat lunch and dinner on a concrete floor; he would like larger living quarters and not being housed with two to five inmates; finally plaintiff desires underclothes be provided to him at no cost. Because plaintiff has been released from the Sangamon County Jail, these claims for injunctive relief are moot, and all claims relating thereto are moot and must be dismissed.

**It is ordered:**

1. **As the plaintiff has moved to voluntarily dismiss [46] the Defendants, Carry, Clemmins, Bueve, Guy, Kruger, Wallace, Hudgguns, Smith and Bennett, the clerk**

      of the court is directed to terminate these defendants, forthwith.

2. Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), the defendants' motion to dismiss [25] is granted. This case is terminated in its entirety. The parties are to bear their own expense.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 30th day of September 2008.

                                s\Harold A. Baker.
                 _____
                                **Harold A. Baker**
                           **United States District Judge**